UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VIRA LYNN JONES and PHILLIP JONES,

                                    Plaintiffs,

                v.

SELECT PORTFOLIO SERVICING, INC., and U.S.
BANK, N.A.,

                                   Defendants.
-------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

23-CV-7772
(Kovner, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

       Plaintiffs Phillip Jones ("Mr. Jones") and Vira Lynn Jones ("Ms. Jones"), both proceeding *pro se*, commenced this action on October 13, 2023 by filing a complaint against Defendants U.S. Bank, N.A. (the "Trust"), and Select Portfolio Servicing, Inc. ("SPS") (collectively, "Defendants"). *See generally* Dkt. No. 1. Mr. Jones and Ms. Jones are brother and sister. *See* Dkt. No. 1, at 12; *see also* Dkt. No. 5-1 ¶ 2. The complaint concerns a 2015 foreclosure action ("the Foreclosure Action") initiated by the Trust against an apartment building that Mr. Jones owns, which is located at 1157 Bedford Avenue, Brooklyn, New York 11216 (the "Property"). *See generally* Dkt. No. 1. The crux of Plaintiffs' complaint is that the Trust—the plaintiff in the underlying foreclosure action—lacked standing to bring the Foreclosure Action based upon "knowingly false assignments of mortgages executed by fraudulent staff members." *Id.* at 8. Plaintiffs seek an order "discharg[ing] the entire mortgage attached to the [Property]" and compensatory and punitive damages in the sum of $350,000.00. *Id.*

       Currently pending before this Court, on referral from the Honorable Rachel P. Kovner, United States District Judge, is Defendants' motion to dismiss the complaint. *See* Dkt. No. 5; *see*

*also* Jan. 10, 2024 Referral Order.  For the reasons explained below, this Court respectfully recommends that Defendants' motion to dismiss be granted in part and denied in part and that the Complaint be dismissed.

## I.    Background

### A.    The Foreclosure Action

On August 11, 2006, Mr. Jones obtained a loan (the "Loan") from non-party Credit Suisse Financial Corporation in the amount of $696,000.00, which was memorialized by a note (the "Note") and secured by a mortgage (the "Mortgage") encumbering the Property.  *See* Dkt. No. 1 at 60.  The Mortgage was recorded on August 23, 2006 in the Office of the City Register of the City of New York.  *See id.*  The Note and Mortgage were later assigned to the Trust on June 7, 2010.  *See id.*

On February 13, 2015, the Trust commenced the Foreclosure Action against Mr. Jones in the Supreme Court of New York State, Kings County, under index number 501732/2015.  *See* Dkt. No. 5-2.  Mr. Jones did not respond to the foreclosure complaint.  *See id.*

On April 24, 2018, the Trust filed a motion for judgment of foreclosure and sale.  *See* Dkt. Nos. 5-2, 5-3.  Mr. Jones did not oppose the motion.  *See* Dkt. No. 5-2.  On September 7, 2021, counsel appeared on behalf of Mr. Jones and filed a notice of appearance, but counsel did not, file an opposition to the Trust's motion.  *Id.*

On November 30, 2022, the Trust filed a second motion for judgment of foreclosure and sale, which Mr. Jones once again did not oppose.  *Id.*  The motion was granted on January 9, 2023, and a Judgment of Foreclosure of Sale was entered on March 16, 2023 (the "Foreclosure Judgment").  *See* Dkt. No. 5-3.  Mr. Jones did not appeal the judgment.  *See* Dkt. No. 5-2.  On

March 9, 2023, Mr. Jones's counsel was granted leave to withdraw as counsel for Mr. Jones in the Foreclosure Action. *See* Dkt. Nos. 5-2, 5-4.

On March 25, 2024, the Supreme Court of New York State, Kings County vacated its prior order marking the state court case as settled and extended the Trust's time to reschedule the foreclosure sale of the Property until March 25, 2025. *See* Dkt. No. 15, at 2.

## B.    Procedural History

On October 13, 2023, Plaintiffs commenced this action by filing the complaint, which names the Trust and the Mortgage Loan servicer, SPS, as defendants. *See* Dkt. No. 1.[1] Plaintiffs contend that the Trust lacked standing to commence the Foreclosure Action based upon "knowingly false assignments of mortgages executed by fraudulent staff members." *Id.* at 8. Plaintiffs assert various claims for violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and these statutes' implementing regulations. *See id.* at 2-3, 8. Plaintiffs also allege that Defendants violated their federal due process rights. *Id.* at 6. Plaintiffs seek relief in the form of an order "discharg[ing] the entire mortgage attached to the [Property]" and compensatory and punitive damages in the sum of $350,000.00. *See id.* at 8.

Additionally, on October 13, 2023, Plaintiffs filed a motion for leave to proceed *in forma pauperis*. Dkt. Nos. 2, 3. On October 25, 2023, the Court entered the following order:

> Plaintiffs' [] applications to proceed *in forma pauperis* are denied without prejudice because they do not provide sufficient information to permit the Court to determine whether plaintiffs are indigent. Plaintiffs' applications listing no income from any source, no savings, and no assets raises questions regarding whether the short-form applications give a complete and accurate picture of plaintiffs' financial situation. Accordingly, if plaintiffs wish to proceed *in forma pauperis* [IFP], they are directed

---

[1] Plaintiffs also filed a parallel action in this district on October 13, 2023. *See Jones, et al., v. HSBC Bank USA National Association*, No. 23-CV-7773 (RPK) (JAM) (E.D.N.Y.) ("*Jones II*"). The current action is related to *Jones II*. On December 6, 2024, the defendant in *Jones II*, filed a motion to dismiss the complaint in *Jones II*. *See Jones II*, Dkt. No. 9. The forthcoming report and recommendation regarding the motion in *Jones II* will be issued separately.

to file, on or before [November 8, 2023], complete and accurate Long-Form *IFP* Applications providing additional information necessary to make an indigency determination.  If plaintiffs fail to file the Long Form *IFP* Applications (or to pay the filing fee) by [November 8, 2023], the case may be dismissed without prejudice. The Clerk of Court is directed to mail a copy of this docket order and of two Long Form IFP Applications to plaintiffs.

The Court mailed copies of the above October 25, 2023 order to Plaintiffs on October 26, 2023.

On November 2, 2023, Defendants filed their motion to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(6).  *See* Dkt. No. 5.  Defendants filed proof of service of their motion on Plaintiffs.  *See* Dkt. No. 8.  Defendants argue that Plaintiffs' claims are barred by the *Colorado River* doctrine (described further below) and by *res judicata* and collateral estoppel.  *Id.* at 6-11.  As an alternative, Defendants seek a stay of discovery pending the outcome of the Foreclosure Action.  *Id.* at 11-12.

On November 6, 2023, Plaintiffs paid the filing fee for this litigation.  Dkt. No. 9.

On November 9, 2023, the Court entered an order directing Plaintiffs to respond to Defendants' motion to dismiss by November 30, 2023.  *See* Nov. 9, 2023 Dkt. Order.  The Court mailed a copy of the order to Plaintiffs at the Property.  Plaintiffs did not comply with the Court's November 2, 2023 order, nor did they file a response to Defendants' motion.

On December 8, 2023, the Court entered a second order, *sua sponte*, granting Plaintiffs a *nunc pro tunc* extension to file their opposition to Defendants' motion to dismiss by December 29, 2023.  *See* Dec. 8, 2023 Dkt. Order.  The Court warned Plaintiffs that if they did not file their opposition by December 29, 2023, the Court "will treat the motion to dismiss as fully briefed." *See id.*  The Court mailed a copy of the order to Plaintiffs at the Property.  Plaintiffs, again, did not comply with this Court's order and, to date, they have not filed a response to Defendants' motion.

On February 22, 2024, Defendants filed a letter indicating that Ms. Jones filed for bankruptcy on January 5, 2024 in the United States Bankruptcy Court for the Eastern District of New York. *See* Dkt. No. 14 at 1-2.[2]

On March 27, 2024, Defendants filed a letter alerting the Court to a March 25, 2024 order of the Supreme Court of New York State, Kings County, in which it ordered that the time for Defendants to sell the Property was extended until March 27, 2025. *See* Dkt. No. 15. Defendants argue that this development further buttresses their motion to dismiss. *See id.*

## II.   Defendants' Motion to Dismiss

### A.   Legal Standards

#### 1.   Fed. R. Civ. P. 12(b)(1)

"When a party moves for dismissal under Rule 12(b)(1) and on other grounds, courts consider the Rule 12(b)(1) challenge first." *Whyte v. Bayview Loan Servicing, LLC*, No. 21-CV-3301 (PKC) (LB), 2022 WL 4484664, at *3 (E.D.N.Y. Sept. 27, 2022) (cleaned up). "This is because if a court determines that it lacks subject matter jurisdiction, then the defendant's 'other defenses and objections become moot and do not need to be determined.'" *Id.* (quoting *Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019)). "Federal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007).

---

[2] In their February 22, 2024 letter, Defendants stated that they

> do not believe that Ms. Jones's filing for bankruptcy impacts this case because she is one of the plaintiffs, *i.e.*, the debtor in bankruptcy is asserting the claims here. Nor do we believe that her filing for bankruptcy affects Defendants' pending motion to dismiss. *See Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 Fed Appx. 89, 95-96 (10th Cir. 2011) ("Because the lawsuit was brought by the debtor Riviera, not against it, § 362(a)(1) is inapplicable …'[S]omeone defending a suit brought by the debtor does not risk violation of § 362(a)(3) by filing a motion to dismiss the suit, though his resistance may burden rights asserted by the bankrupt.'") (citations omitted)).

Dkt. No. 14.

"A motion to dismiss based on the *Colorado River* abstention doctrine . . . is assessed under the same standard as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."  *McDonald v. Esposito*, No. 20-CV-828 (RPK) (RML), 2021 WL 1062259, at *2 (E.D.N.Y. Mar. 18, 2021) (Kovner, J.) (citing *United States v. Blake*, 942 F. Supp. 2d 285, 292 (E.D.N.Y. 2013)).  "This standard is 'essentially identical to the Fed. R. Civ. P. 12(b)(6) standard,' [] under which the court must 'constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor[.]'"  *Id.* (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)).

Notwithstanding the liberal pleading standard afforded to *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction.  *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).  "Although courts hold *pro se* complaints 'to less stringent standards than formal pleadings drafted by lawyers,' *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction, *see, e.g., Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999)."  *Panchitkhaew v. Long Island Jewish Med. Ctr.*, No. 18-CV-4434 (JFB)(AKT), 2019 WL 1492780, at *2 (E.D.N.Y. Apr. 4, 2019).  If subject matter jurisdiction is lacking, the action must be dismissed.  Fed. R. Civ. P. 12(h)(3).

### 2.    Fed. R. Civ. P. 12(b)(6)

"To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  This means, for example, that a complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679.

"[T]he court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).  Determining whether a complaint states a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  The Court must accept the well-pleaded factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff; however, the court need not "credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

"In deciding a motion to dismiss for failure to state a claim, the Court must consider only the allegations in the complaint, those documents attached to the complaint or incorporated by reference, and facts subject to judicial notice." *Bonner v. Town of Brookhaven*, No. 22-CV-4690 (GRB) (ARL), 2023 WL 6812276, at *2 (E.D.N.Y. Oct. 16, 2023) (citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).  "The Court may take judicial notice of facts that 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Bonner*, 2023 WL 6812276, at *2 (citing Fed. R. Evid. 201(b)(2)).  "Judicial notice is regularly taken of publicly available documents and government records, *Kramer*, 937 F.2d at 774, including foreclosure records, *Pennicott v. JPMorgan Chase Bank, N.A.*, No. 21-CV-4575 (LGS), 2022 WL 4226025, at *1 (S.D.N.Y. Sept. 13, 2022)." *Id.*  "[I]n setting forth the relevant

history, . . . the Court takes judicial notice of matters occurring in previous litigations involving the [parties] in this action." *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-7178 (ENV), 2021 WL 7906510, at *1 (E.D.N.Y. Aug. 20, 2021) (taking judicial notice of filings in state court foreclosure action), *report and recommendation adopted*, 2022 WL 1104849 (E.D.N.Y. Apr. 13, 2022)).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.* To assess plausibility, the Court considers the "allegations on the face of the complaint" as well as "documents that are attached to the complaint, incorporated in it by reference, integral to the complaint, or the proper subject of judicial notice." *McDonald*, 2021 WL 1062259, at *2 (quoting *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020)).

**C.    Discussion**

Defendants move for dismissal on two grounds. First, Defendants argue that the Court should abstain from adjudicating this action due to the Foreclosure Action pending in state court. Dkt. No. 5-16, at 6-9. Second, Defendants argue that Plaintiffs' claims are barred by *res judicata* and collateral estoppel. *Id.* at 9-11. In the alternative, Defendants seek a stay of this action pending the outcome of the Foreclosure Action. *Id.* at 11-12.

For the reasons explained below, this Court respectfully recommends that Defendants' first argument for dismissal be denied because *Colorado River* does not apply to state court proceedings that reached a final judgment before the commencement of the federal action. This Court does, however, respectfully recommend that Defendants' second argument for dismissal be granted as both *res judicata* and collateral estoppel bar Plaintiffs' claims.

1.    ***Colorado River* abstention is not warranted**

The *Colorado River* doctrine provides that "a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in comprehensive disposition of litigation and abstention would conserve judicial resources." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

"Where subject-matter jurisdiction exists, the Supreme Court has found that, under certain circumstances, a court should nonetheless abstain from hearing a case." *Where the Heart is LLC v. Wells Fargo Bank, N.A.*, No. 21-CV-6099 (LDH) (TAM), 2023 WL 6308042, at *3 (E.D.N.Y. Sept. 27, 2023) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 720-21 (1996) ("[W]e have held that federal courts may decline to exercise their jurisdiction, in otherwise 'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest.")). "Whether to abstain is within the sound discretion of the district court." *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 210 (2d Cir. 1985).

A court deciding whether to abstain under *Colorado River* engages in a two-step inquiry. First, as a precondition to abstention, the Court must determine that the state and federal proceedings are "parallel." *See Dittmer v. County of Suffolk*, 146 F.3d 113, 117-18 (2d Cir. 1998) (citation omitted). "The mere fact of concurrent state and federal proceedings 'does not, without more, warrant staying exercise of federal jurisdiction.'" *All. of Am. Ins. v. Cuomo*, 854 F.2d 591, 602 (2d Cir. 1988) (quoting *Colorado River*, 424 U.S. at 816).

Two suits are parallel where the parties are "substantially the same, litigating substantially the same issues in both actions." *Royal and Sun Alliance Ins. Co. of Canada v. Century Intern. Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006) (citations omitted). "While perfect symmetry of parties

and issues is not required, the two actions must be essentially the same." *Windward Bora, LLC v. Bank of New York Mellon as Tr. for Certificateholders of Cwalt, Inc., Alternative Loan Tr. 2007-5CB, Mortg. Pass-Through Certificates, Series 2007-5CB*, No. 19-CV-858 (RPK) (RML), 2020 WL 7042761, at *3 (E.D.N.Y. Nov. 30, 2020) (cleaned up). "Accordingly, two actions are parallel when 'there is a substantial likelihood that the state court litigation will dispose of all of the claims presented in the federal case.'" *Id.* (quoting *Kingsway Fin. Servs., Inc. v. Pricewaterhousecoopers, LLP*, 420 F. Supp. 2d 228, 232 (S.D.N.Y. 2005)).

"If the court determines that the state and federal proceedings are parallel, it must then assess the six *Colorado River* factors to decide whether abstention is warranted." *Id.* These factors are:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Id.* (citing *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001)).

In applying these factors, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). "Only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 819. Accordingly, when "a *Colorado River* factor is facially neutral, that is a basis for retaining jurisdiction, not for yielding it." *Niagara Mohawk Power Corp.*, 673 F.3d at 101 (citation and quotation marks omitted).

Here, although the federal and state actions both involve the validity of the assignments and enforceability of the Mortgage, abstention is not warranted because Plaintiffs are not seeking to litigate contemporaneously in federal court.  On the record before the Court, the Foreclosure Judgment was entered on March 16, 2023, and this action was not commenced until seven months later on October 13, 2023.  *Compare* Dkt. No. 5-3 *with* Dkt. No. 1.  In these circumstances, "the question is not whether there is a likelihood that the state court litigation 'will' dispose of the claims before this court; the question is whether it already has."  *Almazon v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 19-CV-4871 (VEC), 2020 WL 1151313, at *8 (S.D.N.Y. Mar. 9, 2020) (internal citation omitted).

As discussed further below, "[t]hat question is properly analyzed under *res judicata* and collateral estoppel rather than as a basis for *Colorado River* abstention."  *Id.*; *see also Renois v. WVMF Funding, LLC*, No. 20-CV-9281 (LTS), 2024 WL 1313492, at *6 (S.D.N.Y. Mar. 27, 2024) (holding that *Colorado River* did not apply because the state court had entered judgment before the federal case was commenced); *Bongiovanni v. PennyMac Corp.*, No. 19-CV-3260 (EK) (VMS), 2021 WL 1193043, at *4 n.4 (E.D.N.Y. Mar. 30, 2021) (finding *Colorado River* inapplicable, on the grounds that plaintiff was not contemporaneously litigating issues in both fora, where the state court had entered judgment on plaintiff's liability on the mortgage loan).

Accordingly, this Court respectfully recommends that Defendants' motion be denied insofar as it seeks abstention under *Colorado River*.

### 2.    *Res judicata* **and collateral estoppel bar Plaintiffs' claims**

Defendants also argue that Plaintiffs' claims are barred by the principles of *res judicata* and collateral estoppel because "a judgment of foreclosure and sale is final as to all questions at issue between the parties and concludes all matters of defense which were or might have been

litigated in the foreclosure action." Dkt. No. 5-16, at 9. In analyzing these arguments, the Court applies New York's *res judicata* and collateral estoppel doctrines because the Foreclosure Judgment was rendered in New York. *See Council v. Better Homes Depot, Inc.*, No. 04–CV–5620 (NGG)(KAM), 2006 WL 2376381, at *3 (E.D.N.Y. Aug. 16, 2006) ("A federal court must apply the rules of preclusion of the state in which the prior judgment was rendered.").

### a. *Res judicata*

It is well-established that a federal court must give a state court judgment the same preclusive effect that it would have in that state's courts. *See, e.g.*, *Green v. Montgomery*, 219 F.3d 52, 55 (2d Cir. 2000); *Hourani v. Wells Fargo Bank, N.A.*, 158 F. Supp. 3d 142, 146 (E.D.N.Y. 2016). Under New York law, *res judicata* (or claim preclusion) provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Haziz-Ramadhan v. Specialized Loan Servicing, LLC*, No. 23-CV-02671 (OEM)(JMW), 2023 WL 8003339, at *3 (E.D.N.Y. Nov. 17, 2023) (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002)).

*Res judicata* applies where: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been raised, in the prior action." *Id.*; *see also Mendez v. Pretium Mortg. Credit Partners I, Loan Acquisition, LP*, No. 21-CV-826 (KAM) (JRC), 2023 WL 8283148, at *5 (E.D.N.Y. Nov. 30, 2023). "New York applies a transactional approach to *res judicata*, meaning that once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Hourani*, 158 F. Supp. 3d at 147.

The requirements of *res judicata* are met in this case.  First, the Foreclosure Action, which resulted in the Foreclosure Judgment, is a prior adjudication on the merits.  *See Borrani v. Nationstar Mortg. LLC*, No. 17-CV-9397 (KMK), 2019 WL 1429982, at *11 (S.D.N.Y. Mar. 29, 2019) (holding that a foreclosure action resulting in a final judgment of foreclosure and sale was an adjudication on the merits); *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 171 (E.D.N.Y. 2010) (same).  It should be noted that the March 25, 2024 decision of the Supreme Court of New York State, Kings County, which indicates that the matter is not settled, does not obviate the finality of the Foreclosure Action or the Foreclosure Judgment; it merely provides additional time for Defendants to schedule the foreclosure sale of the Property pursuant to the Foreclosure Judgment. *See* Dkt. No. 15.

Second, the privity element is also met because Mr. Jones was the defendant in the Foreclosure Action.  *See* Dkt. No. 12-4.  While Ms. Jones is not a named party, she has privity with Mr. Jones as his attorney-in-fact.  *See* Dkt. No. 1, at 12-13 (noting that Ms. Jones is Mr. Jones's attorney-in-fact and true representative); *see* also *C.H. Sanders Co. v. Bhap Hous. Dev. Fund Co.*, 87-CV-3874 (ILG) 1989 U.S. Dist. LEXIS 8450, at *18 (E.D.N.Y. July 20, 1989) (holding that defendant had privity with HUD for issue preclusion purposes because HUD was appointed as defendant's attorney-in-fact), *rev'd in part on other grounds*, 903 F.2d 114 (2d Cir. 1990).  Moreover, while SPS is also not a party to the Foreclosure Action, it, too, is entitled to the benefit of *res judicata* of the Foreclosure Judgment as the servicer of Mr. Jones's Mortgage Loan. *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 509 (S.D.N.Y. 2016) ("A servicer, such as SPS, can be in privity with the mortgagee that the servicer represents.").

Finally, Plaintiffs' claims could have been raised as counterclaims or defenses in the Foreclosure Action.  The claims that Plaintiffs assert in this case are all premised on allegations

that the Trust lacked standing to bring the Foreclosure Action based upon allegedly fraudulent assignments. *See* Dkt. No. 1, at 5-8. These allegations speak to the validity of the assignments and the enforceability of the Mortgage, claims that could have been brought as affirmative defenses in the Foreclosure Action. *See Graham*, 156 F. Supp. 3d at 506 (holding that *res judicata* barred plaintiff's claims regarding the defendant's alleged lack of standing in foreclosure action); *Fequiere v. Tribeca Lending*, No. 14-CV-812 (RRM) (LB), 2016 WL 1057000, at \*7 (E.D.N.Y. Mar. 11, 2016) (finding that plaintiff's claims alleging that defendants improperly obtained a foreclosure judgment were or could have been brought in the state court foreclosure action against her property).

Plaintiffs' federal statutory claims are likewise barred.[3] *See Harris v. BNC Mortg., Inc.*, 737 F. App'x 573, 575 (2d Cir. 2018) ("actual litigation is not required for *res judicata*; it need only be shown that a party had the opportunity to litigate the claims"). Indeed, applying the transactional approach to *res judicata* required under New York law, courts in this circuit "routinely hold that a plaintiff against whom a judgment of foreclosure has been obtained cannot thereafter pursue a RESPA disclosure violation claim arising out of the same mortgage loan." *Almazon*, 2020 WL 1151313, at \*15 (collecting cases). Courts have also reached the same conclusion with respect to TILA claims. *See Romaka v. H&R Block Mortg. Corp.*, No. 17-CV-7411 (JS)(ARL), 2018 WL 4783979, at \*6 (E.D.N.Y. Sept. 30, 2018) (holding that plaintiff's TILA claim was barred by *res judicata* because it could have been raised in the foreclosure action);

---

[3] The Court need not consider whether *res judicata* bars Plaintiffs' federal due process claims because these claims have no merit in light of the fact that neither Defendant is a state actor. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law."); *Pierre v. Ingber L. Firm, PLLC*, No. 16-CV-5974 (MKB), 2017 WL 384322, at \*2 (E.D.N.Y. Jan. 25, 2017) (dismissing constitutional claims brought against private corporation).

*Noriega v. US Bank, Nat'l Ass'n*, No. 16-CV-1058 (JS)(ARL), 2017 WL 3172998, at *5 (E.D.N.Y. July 25, 2017) (same).

Accordingly, this Court finds that *res judicata* bars Plaintiffs' claims and respectfully recommends that the Court dismiss the complaint.

### b.    Collateral estoppel

Plaintiffs' claims are also barred by the related doctrine of collateral estoppel, which "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same." *Ferris v. Cuevas*, 118 F.3d 122, 126 n.4 (2d Cir. 1997) (citations and quotation marks omitted).

"As to collateral estoppel, 'the preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the states where the prior action occurred.'" *Renois*, 2024 WL 1313492, at *6 (quoting *Wight v. BankAmerica Corp.*, 219 F.3d 79, 87-88 (2d Cir. 2000)).

Collateral estoppel applies "when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from re-litigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Yeshiva Imrei Chaimhy Viznitz of Boro Park, Inc. v. City of N.Y.*, 496 F. App'x 122, 123 (2d Cir. 2012) (quoting *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007)).

Here, as explained above, Plaintiffs' claims are predicated on allegations that the Trust lacked standing in the Foreclosure Action based upon allegedly fraudulent assignments. *See* Dkt. No. 1, at 5-8. To resolve these claims, the Court would need to review whether the Trust was the owner or holder of the Note and the Mortgage when it commenced the Foreclosure Action and

whether the documents relied upon by the Trust – specifically, the assignments – were valid.  But these determinations were necessarily made by the state court when it entered the Foreclosure Judgment.  *See Mendez*, 2023 WL 8283148, at *4  (explaining that "the state court must necessarily have ruled on the validity of the underlying loan and mortgage in rendering [the foreclosure judgment]").

Moreover, Plaintiffs have not shown that they did not have a full and fair opportunity to litigate these issues.  Indeed, as noted above, Mr. Jones was represented by counsel in the Foreclosure Action (Dkt. Nos. 5-3, 5-4) and could have raised these issues as affirmative defenses to the foreclosure complaint.  This Court therefore finds that the elements of collateral estoppel are met.  *See Mendez*, 2023 WL 8283148, at *6 (holding that collateral estoppel barred plaintiff's claims regarding the validity of the loan documents used by the mortgagee in the state court foreclosure action).

Accordingly, this Court respectfully recommends that Plaintiffs' complaint be dismissed.

## III.    <u>Plaintiffs' Failure to Prosecute this Action</u>

In addition to the reasons set forth above, this Court respectfully recommends dismissal of this case *sua sponte* due to Plaintiffs' failure to prosecute this action.

### A.    **Fed. R. Civ. P. 41(b)**

"Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute, as long as the court notifies the plaintiff."  *Sowell v. New York City Dep't of Homeless Servs.*, No. 23-CV-5346 (LTS), 2024 WL 870952, at *1 (S.D.N.Y. Feb. 28, 2024) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)); *see Carr v. Canty*, No. 10-CV-3829 (BSJ) (KNF), 2011 WL 1641439, at *1 (S.D.N.Y. Apr. 28, 2011) (recommending dismissal, *inter alia*, for failure to prosecute and noting that "[a]lthough the text

16

of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute"), *report and recommendation adopted*, Dkt. No. 16 (S.D.N.Y. June 18, 2011).

 "It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with [or without] prejudice as a sanction for his unjustified conduct." *Lewis v. Nationstar Mortg. LLC*, No. 18-CV-3015 (RRM) (CLP), 2019 WL 11624580, at *1 (E.D.N.Y. Apr. 16, 2019) (quoting *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990), *report and recommendation adopted*, 2021 WL 103265 (E.D.N.Y. Jan. 11, 2021). "The law is clear. The district court has the power to dismiss for failure to prosecute, on its own motion." *Schenck v. Bear, Stearns & Co., Inc.*, 583 F.2d 58, 60 (2d Cir. 1978) (citation omitted).

In considering a Fed. R. Civ. P. 41(b) dismissal, courts weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "[N]one of the five factors is separately dispositive[.]" *LeSane*, 239 F.3d at 210 (2d Cir. 2001).

The Second Circuit "has also observed that when a plaintiff fails to respond once threatened with dismissal, it is unclear that a lesser sanction will result in reengagement in a matter." *Tibes v. Hanseatic Moving Servs., LLC*, No. 21-CV-3293 (RPK) (TAM), 2022 WL 18859024, at *3

17

(E.D.N.Y. Sept. 26, 2022) (citing *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam)).  "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010) (citation omitted).

**B.    Dismissal is Warranted**

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004).  Since November 2023, and as outlined above, Plaintiffs have failed to comply with multiple Court orders.  *See Gonzalez v. City of New York*, No. 17-CV-1824 (JGK), 2018 WL 2269244, at *1 (S.D.N.Y. May 17, 2018) ("The plaintiff's failure to comply with the Court's orders in the preceding three months clearly warrants dismissal for failure to prosecute, especially in light of this Court's repeated reminders that the plaintiff risked dismissal of his case if he failed to comply with the orders.").  Plaintiffs' apparent unwillingness to follow the Court's orders, and their delay in prosecuting this case overall, favors dismissal.  Plaintiffs' delays are further buttressed by the fact that Plaintiffs have not filed anything on the docket since November 6, 2023, when they paid the filing fee for this action after previously requesting *in forma pauperis* status.  *See* Dkt. Nos. 2, 3, 9.  Plaintiffs have been substantively unresponsive for close to seven months.

The second factor poses the question as to whether Plaintiffs "received notice that further delays would result in dismissal."  *Drake*, 375 F.3d at 255 (internal citations omitted).  In its December 8, 2023 order, the Court noted that if Plaintiffs failed to oppose Defendants' motion to dismiss, that motion to dismiss would be treated as fully briefed.  Plaintiffs nevertheless failed to take any action in response to that order or the Court's prior orders.  Moreover, this Court is assured

that the Court's orders have been served on the addresses previously associated with Plaintiffs in this case.  Ultimately, these efforts were to no avail.

The third factor is whether Defendants are likely to be prejudiced by any further delay. *Drake*, 375 F.3d at 255.  Here, given Plaintiffs' inaccessibility "for months at a time, courts presume prejudice."  *Caussade v. United States*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013) (collecting cases).  Because Plaintiffs' inaccessibility has unnecessarily delayed this case for many months, the Court finds that prejudice is presumed.

Fourth, dismissal is warranted based on "a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard."  *Lucas*, 84 F.3d at 535. The delayed conduct by Plaintiffs here "can impose serious costs on adversaries, on parties to other matters before the court who may find their scheduling disrupted or decisions delayed, and on the efficiency with which the district court addresses its business."  *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013).  Based on the record of noncompliance, there is no indication that Plaintiffs wish to proceed with this litigation.

Finally, the Court finds that a sanction less drastic than dismissal would not suffice. Plaintiffs have not shown any interest in litigating this case, nor have they "represent[ed] that [they were] prepared to prosecute those claims diligently."  *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 196 (2d Cir. 1999) (Sotomayor, J.) (affirming dismissal for failure to prosecute); *see also Simonaj v. Garland*, No. 23-CV-10322 (JHR) (SLC), 2024 WL 872287, at *2 (S.D.N.Y. Feb. 1, 2024), ("Given Mr. Gjoni's complete lack of communication and disregard of the Court's orders, no lesser sanction than dismissal is appropriate."), *report and recommendation adopted*, 2024 WL 871028 (S.D.N.Y. Feb. 29, 2024).  Despite the Court giving Plaintiffs repeated opportunities to be heard, they have chosen not to prosecute this case.

Thus, this Court respectfully recommends dismissal for failure to prosecute.

## IV.    **Leave to Amend the Complaint**

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).  Although leave to amend a complaint shall be "freely" given "when justice so requires," Fed. R. Civ. P. 15(a)(2), any further amendment here would be futile given the reasons discussed above.  *See De Jesus v. Sears. Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996) (holding that the district court did not abuse its discretion by refusing plaintiff an additional opportunity to amend his pleadings); *see also Bromfield v. Lend-Mor Mortg. Bankers Corp.*, 15-CV-1103 (MPS), 2016 WL 632443, at *7 (D. Conn. Feb. 17, 2016) ("because the state court already has jurisdiction over the res [in a foreclosure action], leave to amend would be futile").

Accordingly, this Court respectfully recommends that Plaintiffs not be permitted leave to file an amended complaint.

## V.    **Conclusion**

For the reasons set forth above, this Court respectfully recommends that Defendants' motion to dismiss be granted.

A copy of this Report and Recommendation is being electronically served on counsel. This Court directs Defendants' counsel to serve a copy of this Report and Recommendation on Plaintiffs by overnight mail, first-class mail, and email and to file proof of service on ECF by May 28, 2024. Copies shall be served at the following address listed on the docket:

Ms. Vira Lynn Jones
Mr. Phillip Jones
1159 Bedford Avenue
Brooklyn, New York 11216

Copies shall also be served on Mr. and Ms. Jones at the address set forth in Dkt. No. 1, namely 1157 Bedford Avenue, Brooklyn, New York 11216.  *See* Dkt. No. 1.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Kovner.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      Brooklyn, New York
            May 24, 2024

**SO ORDERED.**

 */s/ Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge